IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02403-BNB

ERIC CHRISTOPHER PROVENCIO,

    Plaintiff,

v.

Y. FETTERHOFF,

    Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, CO

DEC 17 2009

GREGORY C. LANGHAM
CLERK

---

## ORDER OF DISMISSAL

---

Plaintiff, Eric Christopher Provencio, is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the United States Penitentiary, Administrative Maximum, in Florence, Colorado.  On October 5, 2009, Mr. Provencio filed a *pro se* Complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and 28 U.S.C. § 1331 (1993).

On October 27, 2009, Magistrate Judge Boyd N. Boland determined that the complaint was deficient because Mr. Provencio failed to identify any constitutional right that had been violated by Defendant Y. Fetterhoff, and because he failed to allege the personal participation of Defendant Fetterhoff.  Accordingly, Magistrate Judge Boland ordered Mr. Provencio to file an amended complaint within thirty days.  Mr. Provencio filed a *pro se* amended complaint on November 9, 2009.  As relief, Mr. Provencio asks for compensatory and punitive damages.

The Court must construe the amended complaint liberally because Mr. Provencio is representing himself. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the **pro se** litigant's advocate. **Hall**, 935 F.2d at 1110. Under **Bivens**, a plaintiff must allege that the defendants have violated his or her rights under the United States Constitution while the defendants acted under color of federal law. For the reasons stated below the amended complaint and action will be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Mr. Provencio asserts one claim. He alleges that Defendant Y. Fetterhoff failed to provide medical records to him within the time limits set forth in BOP regulations. However, Mr. Provencio does not identify a constitutional right that he believes was violated by Defendant Fetterhoff's actions. While inmates have a constitutional right to access to medical care, **see Estelle v. Gamble**, 429 U.S. 97, 104-05 (1976), Mr. Provencio has failed to present authority for a constitutional right to own or review his own medical records. **See, e.g., Cannon v. Mason**, 2009 WL 588581, *3 (E.D. Okla. March 6, 2009) (unpublished decision) (dismissing prisoner's claim that he had a constitutional right to review his medical records).

Further, to the extent Plaintiff asserts a violation of his due process right, the Court finds the claim lacks merit. The Constitution guarantees due process only when a person is to be deprived of life, liberty, or property. **See Templeman v. Gunter**, 16 F.3d 367, 369 (10th Cir. 1994). Plaintiff does not allege that he was deprived of life or property as a result of Defendant Fetterhoff's failure to provide him a copy of his

2

medical records within a certain time frame.  Therefore, he is entitled to due process only if this alleged failure implicates a constitutionally protected liberty interest.  The existence of a constitutionally protected liberty interest depends upon the nature of the interest asserted.  *See Sandin v. Conner*, 515 U.S. 472, 480 (1995).  A prisoner is not entitled to any procedural protections in the absence of a grievous loss.  *See Morrissey v. Brewer*, 408 U.S. 471, 481 (1972).

Plaintiff does not argue that he has a protected liberty interest in receiving his medical records, nor does he allege that he incurred a grievous loss.  Furthermore, in *Hovater v. Robinson*, 1 F.3d 1063, 1068 n. 4 (10th Cir. 1993) (citing *Davis v. Scherer*, 468 U.S. 183, 194 (1984)), the Tenth Circuit stated that "a failure to adhere to administrative regulations does not equate to a constitutional violation."  Mr. Provencio's claims assert no more than a possible violation of a BOP guideline.  The Court, therefore, finds that Plaintiff's claim is legally frivolous and must be dismissed.  Accordingly, it is

ORDERED that the amended complaint and action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

DATED at Denver, Colorado, this _16_ day of ___December___, 2009.

BY THE COURT:

ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 09-cv-02403-BNB

Eric Christopher Provencio
Reg No. 25695-086
US Penitentiary ADX
P.O. Box 8500
Florence, CO 81226

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 12/17/09

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk